*Judge Berman*

07 CV 6225

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
SETSEA SPA
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SETSEA SPA,

               Plaintiff,

   -against-

THE GREAT PACIFIC INC., OCEAN LONGEVITY
SHIPPING & MANAGEMENT COMPANY LTD. and
OCEAN LINE HOLDINGS LTD.,

               Defendants.
-------------------------------------------------------------X

07 Civ.

**VERIFIED COMPLAINT**

[FILED JUL 0 5 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp]

    Plaintiff, SETSEA SPA (formerly know as SETSEA SRLU) ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendants, THE GREAT PACIFIC INC. ("GPI"), OCEAN LONGEVITY SHIPPING & MANAGEMENT COMPANY LTD. ("Ocean Longevity"), and OCEAN LINE HOLDINGS LTD ("Ocean Line") (GPI, Ocean Longevity and Ocean Line are sometimes collectively referred to herein as "the Defendants"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

    2.    At all material times, Plaintiff was and now is a corporation duly organized and existing under and by virtue of the laws of Italy, with an office and place of business in Torre del

1

Greco, Italy.

3. Upon information and belief, at all material times, defendant GPI, was and still is a corporation organized and existing under and by virtue of the laws of Liberia, with an office and principal place of business at 80 Broad Street, Monrovia, Liberia.

4. Upon information and belief, at all material times, defendant Ocean Longevity was and still is a foreign corporation, with an office and principal place of business at Two International Finance Centre, 8 Finance Street, Central, Hong Kong.

5. Upon information and belief, at all material times, defendant Ocean Line, was and still is a foreign corporation, with an office and principal place of business at Two International Finance Centre, 8 Finance Street, Central, Hong Kong

6. At all material times, Plaintiff was the disponent owner of the motor vessel M/V AN HO (hereinafter sometimes referred to as "the Vessel").

7. On or about November 25, 2004, Plaintiff, as disponent owner, and defendant GPI, as charterer, entered into a charter party agreement whereby Plaintiff agreed to let and GPI agreed to hire the Vessel for a charter period of about two (2) years and two (2) months, under certain terms and conditions more fully set out in the parties' agreement and accompanying addenda ("Charter Agreement").

8. Defendant, Ocean Longevity, by letter dated November 30, 2004 expressly undertook to, and did, guarantee to Plaintiff "the performance" and "all the obligations and duties of" GPI under the Charter Agreement. Annexed hereto as Exhibit "A" and made a part hereof is a true and complete copy of the guarantee of Ocean Longevity dated November 30, 2004.

9. Defendant, Ocean Line, by letter dated November 30, 2004 expressly undertook to,

2

and did, guarantee to Plaintiff "the performance" and "all the obligations and duties of" GPI under the Charter Agreement. Annexed hereto as Exhibit "B" and made a part hereof is a true and complete copy of the guarantee of Ocean Line dated November 30, 2004.

10. Under the terms of the Charter Agreement, it was the obligation of GPI to "provide and pay for all fuel" throughout the charter period provided for in the Charter Agreement.

11. On or about November 5, 2006, a quantity of fuel oil said to value approximately $269,572.80, was supplied to the Vessel by Monjasa A/S at the Suez Canal. The said fuel oil was supplied to the Vessel at the request of GPI or third parties acting for or on behalf of GPI.

12. Despite due demand therefor, neither GPI nor any person or entity acting for or on behalf of GPI has paid Monjasa for the value of the fuel oil supplied to the Vessel, as aforesaid. As a consequence of such non-payment, Monjasa arrested the Vessel in South Africa and obtained security for Monjasa's claim by way of a bank guarantee furnished by the owner of the Vessel.

13. Due to non-payment of the fuel oil by GPI, in breach of the Charter Agreement, Plaintiff has incurred and will likely incur substantial losses in the form of damages that may be paid to the owner of the Vessel and/or third parties claiming damages due to GPI's breach, as aforesaid. Plaintiff seeks to be indemnified in full by GPI, Ocean Longevity and Ocean Line, as guarantors of the performance and obligations of GPI, for all losses and damages that Plaintiff will incur as a result of any claims, actions, arbitrations, etc. that the owner of the Vessel, and/or third parties claiming damages due to GPI's breach, as aforesaid, may bring against Plaintiff.

14. As best as can be determined at the present time, Plaintiff will likely pay damages to the owner of the Vessel, and/or third parties claiming damages due to GPI's breach, as aforesaid, for which Plaintiff is entitled to complete and full indemnity from Defendants, as

follows:

| | | | |
|---|---|---|---|
| a. | On the principal claim from the owners of the Vessel, including cost of bunkers, interest and legal costs | | $1,409,000.00 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | | $275,620.00 |
| c. | London arbitration costs to pursue Claim against GPI (arbitrators' fees, attorneys' fees etc.) | | $140,000.00 |
| | TOTAL | | $1,824,620.00 |

15. Under the terms of the Charter Agreement, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. Plaintiff has now taken steps to commence said arbitration proceedings in London. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award against the Defendants herein and in Plaintiff's favor.

16. On information and belief, the Defendants are all affiliated entities, and, at all relevant times, held, and continue to hold, themselves out to the world as being members of a common international trading group based in Hong Kong.

17. On information and belief, the members of this trading group, including the Defendants herein, share officers, directors and personnel, as well as common offices and addresses in, among other places, Hong Kong.

18. Defendants Ocean Longevity and Ocean Line are members of the trading group and are guarantors of the obligations of each individual member of the trading group, including GPIs' obligations under the Charter Agreement.

4

19. Upon information and belief, Defendants Ocean Longevity and Ocean Line exercise such complete domination and control over Defendant GPI, and/or disregarded GPI's corporate form, and/or conducted the business and operations of GPI as if the same were their own, that adherence to the fiction of the separate existence of the Defendants as entities distinct from one another and/or the separate existence of defendant GPI, as distinct from said Defendants, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

20. Upon information and belief, there exists, and at all times herein mentioned there existed a unity of interest and ownership between and amongst Defendants, such that any individuality and separateness between said Defendants have ceased, and Defendants, and each of them, are the alter egos of each other.

21. Upon information and belief, Defendants cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but they are believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including but not limited to American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; HSBC Bank; and Wachovia Bank, which are believed to be due and owing to the Defendants.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of

the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Standard Chartered PLC; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; HSBC Bank; and Wachovia Bank, which are due and owing to the Defendants, in the amount of $1,824,620.00, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

    C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
      July 5, 2007

                              BROWN GAVALAS & FROMM LLP
                              Attorneys for Plaintiff
                              SETSEA SPA

                    By: _____
                              Peter Skoufalos (PS- 0105)
                              355 Lexington Avenue
                              New York, New York 10017
                              212-983-8500

# VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff, SETSEA SPA ("Setsea"), is that Setsea is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
5th day of July 2007

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

9

# EXHIBIT A



長海船務管理有限公司
**OCEAN LONGEVITY SHIPPING & MANAGEMENT COMPANY LIMITED**
香港中環金融街8號國際金融中心二期21樓2101室
Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong
TEL: (852) 2858 8818   FAX: (852) 2858 8733   TLX: 70680 OLONG HX
E-MAIL: olong138@olong.biz.com.hk

30th Nov, 2004

To : Disponent Owner of MV "An Ho"

Re : MV "An Ho" / The Great Pacific Inc. – C/P dated 25th Nov, 2004

We, Ocean Longevity Shipping & Management Co., Ltd., of Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong, hereby confirm that we will guarantee the performance and warrant fulfillment of all the obligations and duties of The Great Pacific Inc. for the purpose of the timecharter employment of MV "An Ho".

We, Ocean Longevity Shipping & Management Co., Ltd., agree to be mentioned in the charter party between Setsea Srlu and The Great Pacific Inc. as guarantors of the charterers under the said charter party agreement.

Yours faithfully,

For and on behalf of
Ocean Longevity Shipping & Management Co., Ltd.

Kwai Sze Hoi
Chairman & General Manager



# OCEAN LONGEVITY SHIPPING & MANAGEMENT COMPANY LIMITED

長海船務管理有限公司
Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong.
TEL: (852) 2858 8818   FAX: (852) 2858 8733   TLX: 70680 OLONG HX
E-MAIL: olong138@olong.biz.com.hk

3rd December 2004

SETSEA SRLU
VIA MARCONI, 58
80059 TORRE DEL GRECO (NA)
ITALY

Attn : Mr. Filippo Lembo

Dear Sir,

Re : MV An Ho / GPI CP DD 25 Nov 2004

Reference to the subject charter party, we enclose hereto 2 original Performance Guarantees signed by the respective guarantors. Kindly acknowledge receipt by signing and returning to us copy of this letter.

Moreover, please send your Performance Guarantee to us to the following address : -

Ocean Longevity Shipping & Management Company Limited
Suite 2101, 21/F., Two International Finance Centre,
8 Finance Street, Central
Hong Kong
Attn : Mr. Shane Lam – Assistant President

Thank you for your kind co-operation.

Yours faithfully,



As Agent Only

SL/al
Encl.

# EXHIBIT B

Case 1:07-cv-06225-RMB    Document 1    Filed 07/05/2007    Page 12 of 14



**OCEAN LINE HOLDINGS LIMITED**
香港中環金融街8號國際金融中心二期21樓2101室
Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong.
TEL: (852) 2858 8818   FAX: (852) 2858 8733   TLX: 70680 OLONG HX
E-MAIL: olong138@olong.biz.com.hk

30th Nov. 2004

To: Disponent Owner of MV "An Ho"

Re: MV "An Ho" / The Great Pacific Inc. – C/P dated 25th Nov. 2004

We, Ocean Line Holdings Ltd., of Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong, hereby confirm that we will guarantee the performance and warrant fulfillment of all the obligations and duties of The Great Pacific Inc. for the purpose of the timecharter employment of MV "An Ho".

We, Ocean Line Holdings Ltd., agree to be mentioned in the charter party between Setsea Srlu and The Great Pacific Inc. as guarantors of the charterers under the said charter party agreement.

Yours faithfully,

For and on behalf of
Ocean Line Holdings Ltd.

Kwai Sze Hoi
Chairman & General Manager

 長 海 船 務 管 理 有 限 公 司
**OCEAN LONGEVITY SHIPPING & MANAGEMENT COMPANY LIMITED**

香港中環金融街8號國際金融中心二期21樓2101室
Suite 2101, 21/F., Two International Finance Centre, 8 Finance Street, Central, Hong Kong.
TEL: (852) 2858 8818   FAX: (852) 2858 8733   TLX: 70680 OLONG HX
E-MAIL: olong138@olong.biz.com.hk

3rd December 2004

SETSEA SRLU
VIA MARCONI, 58
80059 TORRE DEL GRECO (NA)
ITALY

Attn : Mr. Filippo Lembo

Dear Sir,

Re : MV An Ho / GPI CP DD 25 Nov 2004

Reference to the subject charter party, we enclose hereto 2 original Performance Guarantees signed by the respective guarantors. Kindly acknowledge receipt by signing and returning to us copy of this letter.

Moreover, please send your Performance Guarantee to us to the following address : -

Ocean Longevity Shipping & Management Company Limited
Suite 2101, 21/F., Two International Finance Centre,
8 Finance Street, Central
Hong Kong
Attn : Mr. Shane Lam – Assistant President

Thank you for your kind co-operation.

Yours faithfully,

As Agent only

SL/al
Encl.